DOROTHY PENDENNIS BISSELL, Plaintiff, *v.* VILLAGE OF WILLIAMS-VILLE and Others, Defendants.

Supreme Court, Erie County, November 9, 1931.

*Kenefick, Cooke, Mitchell, Bass & Letchworth*, for the plaintiff.

*Philip J. Snyder* and *Frank G. Raichle*, for the defendants.

HINKLEY, J. The question involved in this motion is whether or not plaintiff has the right to discontinue her action upon payment of ordinary costs.

Plaintiff, a property owner, brought her action for an injunction and damages for an alleged illegal diversion of the waters of Ellicott creek in the village of Williamsville, Erie county, N. Y.

The defendants answered without setting out a counterclaim or seeking affirmative relief and prepared for trial. Defendants demanded a bill of particulars but none was served. The case was set for a definite day for trial at an equity term of this court. A day or two prior to the day set for trial plaintiff notified defendants' counsel that the plaintiff would move for a discontinuance of the action.

There is no force to the contention of defendants that the court has in this case the discretion to discontinue the case upon the merits. Had defendants moved the case for trial and plaintiff declined to present her evidence, the defendants could not present evidence in defense of alleged facts which had never been reduced to trial evidence. The court could not then, nor can it now, discontinue the action upon the merits, for to the court the merits are unknown.

The discretion of the court in refusing to discontinue an action upon the application of plaintiff, or in the alternative, to impose terms for such discontinuance, only arises when circumstances have arisen which are out of the ordinary, such as are stated in *Matter of Lasak* (131 N. Y. 624, at p. 627) when the defendant has become an actor and has set up a counterclaim or sets up a claim to property.

In the final analysis, the defendants herein are asking terms because one of them has expended moneys or incurred expenses in preparation for trial. There is no authority for the imposition of terms to reimburse a defendant for his expenses in preparing for trial. Statutory costs and taxable disbursements are provided for that contingency and are permissible in equity actions such as this. The mere fact that in this instance one of the defendants is a municipal corporation or that it has expended or incurred more than the ordinary expenses, cannot create a new rule. Such

a rule would of necessity apply to negligence and all other litigations adding by judicial creation or sanction an increased hazard to the commencement of actions for which there is no statutory sanction.

Authority for this decision is found in *Angier* v. *Hager* (45 App. Div. 32). The principles therein enunciated are controlling in this instance.

Order may be entered by plaintiff discontinuing this action upon payment of statutory costs, including taxable disbursements.