SARGENT *v.* LADY, ADMINISTRATOR, ETC.

[No. 527, September Term, 1965.]

*Decided December 6, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Frank R. Sargent, pro se,* for the appellant.

*Kenneth E. Pruden,* with whom was *George T. Burroughs* on the brief, for the appellee.

BARNES, J., delivered the opinion of the Court.

Frank R. Sargent, the plaintiff below, has appealed in proper person from an order of the Circuit Court for Montgomery County (Shure, J.), which dismissed his case with prejudice.

At the outset, the appellee, the defendant below, asks that we dismiss this appeal because the appellant did not deliver to him within 10 days a statement of those parts of the record the appellant proposed to print. This procedure is required by Maryland Rule 828 c 2, and should have been followed by the appellant in the instant case. Since the appellee has not shown that he was prejudiced in any way by the delay, however, we will not dismiss the appeal. *Brown v. Brown,* 204 Md. 197, 205, 103 A. 2d 856, 860-61 (1954).

We proceed, therefore, into the tangle of pleadings, answers, motions and orders permeating a case which hardly seems to warrant the effort expended on these procedural matters.

On August 20, 1965, the appellant brought an action in the Circuit Court for Montgomery County, naming as defendant the appellee, as Administrator of the Estate of John W. Staggers, deceased. The appellant alleged that Staggers had instituted an action in the Circuit Court for Prince George's County, upon which an injunction was issued depriving the appellant of a valuable interest in real estate located near Laurel, Maryland, and further that the appellee subsequently filed dilatory pleadings and committed other actions "to prolong the case and cloud the issues therein." The appellant claimed that these legal proceedings and processes "were used with the malicious intent" to deprive him of contractual rights.

Within the proper time, the appellee filed a demurrer, and at a hearing on October 29, 1965, the demurrer was sustained with leave being granted the appellant to amend his declaration within 15 days. On November 12, 1965, within the allotted time, the appellant filed a voluntary dismissal of his action pursuant to Maryland Rule 541 a 1. On November 19, 1965, the appellee filed a motion to dismiss the case with prejudice. The Circuit Court, on the same day, issued an order directing the

appellant to show cause on or before December 3, 1965, why the case should not be dismissed with prejudice. On December 3, 1965, the appellant filed an answer to the motion to dismiss, stating that the action had been voluntarily dismissed pursuant to Rule 541, and that the matter was now moot.[1]

On December 10, 1965, with both parties appearing before the court, Judge Shure dismissed the appellant's case with prejudice. On December 15, 1965, the appellant filed a pleading entitled "Motion To Set Aside Order and Expunge the Pleadings From the Record." The appellee answered on December 23, 1965, and a hearing was held on December 27, 1965. At the conclusion of argument by counsel, the court denied the appellant's motion to set aside the order of December 10, which dismissed his case with prejudice. On January 10, 1966, the appellant filed an appeal to this Court from the order of December 10, 1965, dismissing his case with prejudice.

The oral opinion of the lower court indicates that the appellant's action was dismissed with prejudice because after hearing and judgment on the appellee's demurrer, the appellant was no longer free to dismiss the action voluntarily pursuant to Maryland Rule 541 a 1. This holding is clearly contrary to our prior decision and to Maryland Rule 541 a 1. This Court has held, under the predecessor statute to Maryland Rule 541 a 1 (Code, 1914, Art. 75, sec. 173) that is was reversible error to refuse to allow the plaintiff to submit to a voluntary judgment of *non pros* upon the granting of a demurrer prayer offered at the conclusion of the plaintiff's case by one of the defendants. *State for Use of Shipley v. Lupton,* 163 Md. 180, 161 Atl. 393 (1932). The language of Rule 541 a 1 is, itself, equally determinative of the point: "Without an order of court a party may dismiss his action, claim, counterclaim, cross claim or third party claim as to any other party * * * [b]y filing a notice of dis-

---

1. The appellant also filed a motion, on December 3, 1965, to strike the show cause order, apparently believing that the appellee was required to appear in court on December 3, to argue the motion to dismiss with prejudice and had failed to so appear. The record does not indicate, however, that a hearing was set for that date.

missal *at any time before the introduction of any evidence at the trial or hearing * * *.*" (Emphasis supplied).

As was pointed out by Judge Adkins, for the Court, in *Lupton,* the present voluntary dismissal rule severely derogates the right which a plaintiff had at common law. "Prior to the Act of 1914, ch. 432 [the statute from which Maryland Rule 541 a 1 was derived], it was necessary to call the plaintiff before taking the verdict of a jury and he could exercise his right to take a *non pros* by refusing to answer." 163 Md. at 188, 161 Atl. at 397. If our predecessors in adopting Maryland Rule 541 a 1 had meant to cut off the right to take a voluntary dismissal at a time anterior to the introduction of evidence at the trial or hearing, it would have been easy to so provide.[2]

We believe it premature, in this case, to rule on the appellee's contention that the sustaining of his demurrer would have a res judicata and collateral estoppel effect should the appellant bring another suit on the same or a related cause of action. We hold only that the dismissal of the appellant's case with prejudice after he had filed notice of a voluntary dismissal was improper.

> *Motion to dismiss this appeal denied; order dismissing the case, with prejudice, reversed, the appellant to be responsible pursuant to Maryland Rule 541 d for all costs in the trial court accrued to November 12, 1965 when the appellant filed his order of voluntary dismissal in the trial court; the remaining costs in the trial court and all of the costs in this Court to be paid by the appellee.*

---

2. See e.g., Federal Rule of Civil Procedure 41(a) (1), which provides: "Subject to the provision of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, * * *."