JORDAN, ET AL. *v.* MORGAN, ADMINISTRATRIX
OF THE ESTATE OF GEORGE THOMAS
MORGAN, ET AL.

[No. 419, September Term, 1966.]

*Decided June 30, 1967.*

306

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Bernard Brager* for appellants.

*Thomas A. Farrington* and *Hal C. B. Clagett,* with whom were *Sasscer, Clagett, Powers & Channing* on the brief, for appellees.

McWILLIAMS, J., delivered the opinion of the Court.

On 14 March 1964, in St. Mary's County, appellants Elmer Jordan and Irving Dyson, both infants, were passengers in a motor vehicle owned by appellee Frank Dyson and being operated by him in a northerly direction on Cherryfield Road near State Route 244. Appellants George Briscoe and Robert Morgan, infants also, were passengers [1] in a motor vehicle owned by the Reverend James E. Malloy and being operated (without authority it is claimed) by George Morgan in a southerly direction on Cherryfield Road. In the ensuing collision George Morgan was killed and all of the infant appellants were injured. Frances Jane Morgan qualified as administratrix of the estate of George Morgan on 4 August 1964.

The appellants filed suit against Frank Dyson, the administratrix (appellee), and Father Malloy on 2 March 1966. On 1 April 1966 appellee moved for a summary judgment on the ground that there was no genuine dispute as to any material fact and for the reason that the suit was not filed within six

---

1. James Arthur Lawrence and Joseph P. Barnes also were passengers in the Malloy car. Lawrence was killed. Barnes was slightly injured. They are not involved in this action.

calendar months of her qualification as administratrix, as required by Code, Art. 93, § 112. On 14 April appellants filed an "Answer to Motion for Summary Judgment" in which they admitted the fact that the suit was not filed within six months, as required by the statute, and in which, further answering, they stated there had been "negotiations and discussions pertaining to the possibilities of amicable settlement," that the claim of one passenger had been settled within the six month period, that representatives of appellee "knew of the claim" of appellants and "were in no way prejudiced" by the late filing of the suit and that "another action had been previously filed * * * arising out of the same set of facts." The "Answer" was not accompanied by a supporting affidavit. On 22 April 1966, upon the suggestion and affidavit of appellants, the proceedings were sent to the Calvert County court for trial.

The motion for summary judgment came on for a hearing before Bowen, J. on 4 August 1966. Appellants' counsel, in opposition to the motion, contended that appellee had waived the requirements of the statute. When he sought to interject supporting testimony in his argument the court sustained appellee's objection, saying:

> "Well, I can't permit you to amend your Pleadings at this point. Whatever facts you had to Plead in Answer to this Motion should have been included in this Answer, which takes the form of an Answer rather than an Affidavit as is required by the rules, but we are going to treat the thing as a proper Answer under the rules, even though technically it falls short. Your Adversaries haven't seen fit to take any advantage of that technicality and we commend them for it. Therefore, we will treat it as a proper Answer or opposition to the Motion under the rules, but now for the life of me, I can't see what connection the proper settlement within the period of the Statute has to do with this case. What the point is, the suit wasn't filed within the period of limitations."

The record extract shows that after further colloquy between the court and counsel, the following transpired:

"(Judge Bowen) Accordingly gentlemen — what we propose to do is—

"(Mr. Clagett) May it please the Court.

"(Judge Bowen) Yes sir.

"(Mr. Clagett) By reason of the fact that the Court is indicating that it might well permit Mr. Brager to introduce his testimony—

"(Judge Bowen) No sir, I have no idea of doing that, I will hear you, *if what I say to you isn't satisfactory,* how will that be sir?

"(Mr. Clagett) *Very well sir.*

"(Judge Bowen) What the Court proposes to do is to act upon the Motion, but at the same time give leave to the Plaintiff to file a, what might be termed, proffer, of what might have been put in a corrected affidavit, so that in case he takes the case to the Court of Appeals, the Court of Appeals will have the benefit of what he would have proffered had his Pleading been correct." (Emphasis supplied.)

Judge Bowen thereupon granted the motion for summary judgment and directed the clerk to make the proper entries. Counsel for appellants then was "allowed five (5) days within which to file a proffer of the facts he would have included in testimony had he been permitted to take testimony on this point." The record extract concludes as follows:

"(Judge Bowen) This proffer is permitted solely for the purpose of completing the record in case the matter is appealed so that the Court of Appeals may have before it those facts which the Plaintiff would hope to prove at a new trial.

"(Mr. Farrington) *Thank you Your Honor.*

"(Mr. Brager) Thank you Your Honor." (Emphasis supplied.)

Within the five day period counsel for appellants filed his own affidavit setting forth in great detail his negotiations with Father Malloy's insurer and counsel (Mr. Clagett) for the insurer. The hub of counsel's affidavit is contained in the following excerpt:

"On November 30, 1964, he [affiant] spoke with Mr. Clagett by phone and was informed that a suit for declaratory judgment would be filed in the Circuit Court for St. Mary's County. * * * to determine whether or not the deceased tortfeasor's JR 11 insurance carrier was responsible for coverage and that it was not necessary to make any move or file suit until the matter was disposed of. * * * On July 19, 1965, Mr. Brager phoned Mr. Clagett's office and was informed that it was not necessary to await the outcome of the Declaratory Relief action. He further stated that Affiant was 'out completely.' The Declaratory Relief was then settled between the parties thereto sometime in September of 1965."

Judge Bowen's expedient device for fobbing off evidentiary material on us for primary determination is novel, to say the least. It finds no sanction in the Maryland Rules of Procedure, however, and were it not for the fact that this extraordinary procedure was agreed to (acquiesced in, at least) by counsel for appellee, we could simply reject as surplusage the affidavit of counsel for appellants and affirm the summary judgment. Since it is not for us to attempt the unraveling of this now confused situation, we shall remand the case so that the parties can start over again. The trial judge will strike out the summary judgment, allow appellants to withdraw the "Answer to Motion for Summary Judgment" and the subsequent affidavit and designate a time within which they may respond to appellee's motion for summary judgment.

> *Remanded without affirmance or reversal for further proceedings consistent with the views expressed in this opinion.*
> *Costs to abide the result.*