## HERMAN CALLAHAN, JR. *v.* VICTORIA DEAN

[No. 344, September Term, 1972.]

*Decided February 2, 1973.*

The cause was submitted on briefs to ORTH, C. J., and GILBERT, J., and GEORGE W. BOWLING, Associate Judge of the District Court of Maryland for District 4 and MARVIN LAND, Associate Judge of the District Court of Maryland for District 8, specially assigned.

Submitted by *A. Parks Rasin, Jr.*, for appellant.

Submitted by *Francis B. Burch, Attorney General, Arrie W. Davis, Assistant Attorney General,* and *J. Owen Wise, State's Attorney for Caroline County,* for appellee.

GILBERT, J., delivered the opinion of the Court.

Herman Callahan, Jr., appellant, on March 3, 1972, was found by a jury sitting in the Circuit Court for Caroline County, to be the father of a child born to Victoria Dean. Thereafter, Judge B. Hackett Turner, Jr. signed an Order dated April 5, 1972, filed on April 10, 1972, which, in essence, compelled Callahan to: (a) pay the sum of $20.00 per week "toward the cost and care and maintenance" of the infant child, (b) pay $123.00 per month for "estimated" medical expenses, (c) reim-

burse the Caroline County Department of Social Services "for public assistance payments made to Victoria Dean prior to March 3, 1972" in the amount of $720.00, and (d) reimburse the Caroline County Department of Social Services in the sum of $3,316.75 for "all medical, doctor and hospital expenses incurred to March 3, 1972 . . . as the result of the birth of [the child]." All payments were to be made through the Division of Parole and Probation.

A "Bill of Review" [1] was filed by Callahan on April 17, 1972 to the proceeding. On May 4, 1972, while the "Bill of Review" was pending, Callahan noted an appeal to this Court. Subsequently, on May 10, 1972, a hearing was held before Judge Turner, who, after expressing the opinion that the appeal divested the Circuit Court for Caroline County of jurisdiction over the matter, nevertheless allowed testimony to be presented on the "Bill of Review." At the outset, Judge Turner informed counsel that he had no intention of changing the Order, and after the hearing he did not alter it.

Counsel for both the appellant and the appellee, on August 4, 1972, entered into a "Joint Stipulation" which was filed directly in this Court. The stipulation provides in pertinent part:

"1. That the appeal in this case is being taken only with reference to the Order of Court handed down by the Honorable B. Hackett Turner, Jr., Associate Judge of the Second Judicial Circuit of Maryland, on April 10, 1972, and upon which hearing on the Bill of Review was held on May 10, 1972 and modification denied the defendant.

* * *

3. That in view of this, the parties agree that

---

1. Appellant's use of a "Bill of Review" would appear to be improper. In the instant case, the "Bill of Review" was filed within thirty days from the date of the Order, or before the Order was enrolled. Md. Rule 671. The proper procedure would have been a petition for modification. *Bailey v. Bailey*, 181 Md. 385, 387-388, 30 A. 2d 249 (1943).

full explanation of the Court's verdict and the reasons therefor are set forth in hearing on Bill of Review held May 10, 1972, and that transcript of the testimony and argument made at this hearing contains the relevant material pertaining to this appeal, and no transcript of additional testimony is necessary."

The Court of Appeals in *Vancherie v. Siperly,* 243 Md. 366, 375, 221 A. 2d 356 (1966), said:

". . . [A]n appeal having been entered, the lower court lacked jurisdiction to take any further action in the case with respect to the subject matter of the appeal until the receipt of the mandate from this Court after the appeal had been heard and decided. This is so because the perfection of the appeal brought the subject matter of the appeal within the exclusive jurisdiction of this Court and suspended the authority of the lower court over it during the pendency of the appeal."

In the instant case, the filing of the appeal to this Court divested the trial court of jurisdiction over the subject matter of the Order. *Stacy v. Burke,* 259 Md. 390, 269 A. 2d 837 (1970) ; *State v. Jacobs,* 242 Md. 538, 219 A. 2d 836 (1966) ; *Bullock v. Director,* 231 Md. 629, 190 A. 2d 789 (1963) ; *Visnich v. Washington Suburban Sanitary Comm.,* 226 Md. 589, 174 A. 2d 718 (1961) ; *Moore v. State,* 15 Md. App. 396, 291 A. 2d 73 (1972) ; *Raimondi v. State,* 8 Md. App. 468, 261 A. 2d 40 (1970).

It is obvious from the "Joint Stipulation" that neither party has here raised the question of jurisdiction of the trial court to hear the "Bill of Review." Nevertheless, that question may be, and in this case is, considered by us *sua sponte. Stacy v. Burke, supra; Moore v. State, supra.*

Since the trial court lacked jurisdiction to hold the hearing on the "Bill of Review" at the time at which it

did, the hearing was a nullity, and the testimony received thereat of no force and effect. Consequently, we shall not recognize the "Joint Stipulation" of the parties nor shall we endeavor to cull from the transcript of the "hearing" of May 10, 1972 facts upon which the appellant would seemingly ground his appeal from the Order of April 10, 1972. The attempted stipulation of facts based on a jurisdictionally defective hearing does not adequately present to this Court the issues sought to be raised. In the words of Judge McWilliams in *Jordan v. Morgan, Admx.*, 247 Md. 305, 309, 231 A. 2d 13 (1967), the ". . . expedient device for fobbing off evidentiary material on us for primary determination is novel, to say the least. It finds no sanction in the Maryland Rules of Procedure. . . ." Even if we were to assume that the "Joint Stipulation" salvaged the nullified hearing, the matter is still not before us because of the appellant's failure to comply with the Maryland Rules pertaining to appeals to this Court.

In any number of cases, including, but not limited to, *Isen v. Phoenix Assurance Co.*, 259 Md. 564, 270 A. 2d 476 (1970); *Brown v. Fraley*, 222 Md. 480, 161 A. 2d 128 (1960); *Pearson v. State*, 15 Md. App. 462, 291 A. 2d 167 (1972); *Ritter v. Danbury*, 15 Md. App. 309, 290 A. 2d 173 (1972); *In re Arnold*, 12 Md. App. 384, 278 A. 2d 658 (1971), the Court of Appeals and this Court have stated that the rules of practice are not guides or merely helpful hints to the practice of law. They are precise rubrics established to promote the orderly and efficient administration of justice, and they are to be read and followed.

The record in this case discloses no transcript of the proceedings of March 3, 1972. Rule 1026 c 2 provides:

"Unless a copy of the transcript of testimony is already on file, the appellant shall promptly file with the clerk of the lower court for inclusion in the record a transcript of all the testimony, and shall also promptly serve a copy of such transcript upon the appellee. *Instead of*

> *serving and filing a transcript of the testimony,*
> *the parties by written stipulation filed with the*
> *clerk of the lower court may,* or upon order of
> the lower court shall file with the clerk of the
> lower court for inclusion in the record only
> such part of the transcript as the parties or the
> lower court may deem necessary for the appeal."
> (Emphasis supplied).

In the case at bar, we observe that the "Stipulation"
was filed directly in this Court and *was not presented to*
*the clerk of the lower court* nor was there an order of
the lower court for inclusion in the record of only such
parts of the transcript as the parties may have agreed
upon. Rule 1026.

We invoke the authority conferred upon us by Rule
1035 a. Rule 1035 a 2 provides that this Court may "on
its own motion, dismiss an appeal for any cause set
forth in section b of this Rule." Section b lists as two
of the reasons why an appeal should be dismissed:
". . . [1] The appeal has not been properly taken pur-
suant to Rule 1011 (How Appeal to Be Taken) [and]
. . . [2] The record has not been transmitted within the
time prescribed by Rule 1025 (Record—Time for Trans-
mitting)."

Rule 1011 c provides in pertinent part:

> "Upon the filing of an order of appeal, the
> clerk of the lower court shall enter such order
> upon his docket and transmit the record as
> provided in Rule 1025 (Record—Time for
> Transmitting) and Rule 1026 (Record on Ap-
> peal)."

It is readily apparent that Rule 1026 c 2 is embraced
within the ambit of Rule 1011. The appellant's failure
to comply with Rule 1026 c 2 precluded compliance with
Rule 1011 c.

We dismiss the appeal, Rule 1035 b, because the record

is incomplete; there is no transcript nor is there a valid stipulation of facts in lieu of the transcript.[2]

*Appeal dismissed.*
*Costs to be paid by appellant.*

---

2. Our perusal of the record does not reveal the grounds for, or the basis of, the trial judge's Order, as required by Rule 18 c. That Rule provides:

> "Within fifteen days after entry of appealable final judgment in a contested action tried upon the merits without a jury, the court shall dictate to the court stenographer or reporter or prepare and file in the action a brief statement of the grounds for its decision and the basis of determining the damages, if any."

The only aspect of these proceedings that was determined by a jury was the paternity issue. We think the Order relative to support and maintenance payments is within the purview of Rule 18 c, Md. Ann. Code art. 16, § 66H (a), and that the trial court should have stated some reasons for its Order.