## BERNHARD LAUKENMANN *v.* JANET LAUKENMANN

[No. 407, September Term, 1972.]

*Decided February 5, 1973.*

The cause was argued before ORTH, C. J., and POWERS and SCANLAN, JJ.

*Leonard J. Kerpelman* for appellant.

*Charles E. Wehland,* with whom was *Bayard Z. Hochberg* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

On 24 July 1972 appellant filed in the Circuit Court for Howard County an order for appeal from a decree filed on 3 July 1972 by Judge T. Hunt Mayfield. The record was received in this Court on 23 August 1972. The record contained no transcript of testimony taken in the court below, as required by Maryland Rule 1026 b and c 2.

On 4 December 1972 appellee filed a motion to dismiss the appeal for failure to file and include a transcript in compliance with Rules 1025 and 1026. This motion was too late and too early. The failure complained of was the failure to file the record, which by definition, Rule 1026 b, includes the transcript of testimony. Rule 1035 b (4) permits a motion to dismiss by a party for failure to comply. However, Rule 1036 allows two alternative times for filing such a motion on that ground. Under § c the motion shall be filed within ten days from the date the record is filed with this Court. Under § d the motion may be included in the appellee's brief. Appellee did include a motion to dismiss in her brief, and it is properly before us.

In any event, appellant filed an answer to the first, untimely, motion, describing his failure to arrange for and file a transcript as a "grievous oversight". Appellant thereafter filed a "Motion to Correct an Omission in the Record", and appellee filed an answer. We directed that

both motions be heard at the time assigned for argument on the merits. They were so heard.

At the argument on the motions, we were informed that all copies of a transcript containing 120 pages had been placed in the automobile of appellee's counsel at about midnight the night before. Counsel brought them to this Court on the morning of argument and the original was tendered to the Clerk.

The record in this case shows that testimony was taken on 1 June 1971, and the case held *sub curia* by Judge Mayfield pending negotiation of an agreement between the parties on the rights of the father to visit children in the custody of the mother. In January 1972 present counsel for appellant entered his appearance for appellant in the case then still pending below. Certain other pleadings were thereafter filed by both parties. On 16 May 1972 there was a further hearing before the court, not involving testimony. The opinion and decree appealed from were filed on 3 July 1972. The opinion reviews the proceedings in that court, and refers to the testimony taken at the hearing held on 1 June 1971. Counsel for appellant professes to have been "appalled and flabbergasted" to learn that some testimony was taken in the case.

Under the circumstances of this case, we decline to consider the right to supply an omission in the record, which may be granted under Rule 1027, broad enough to nullify the sanctions of Rule 1035 for an inexcusable failure to comply with Rules 1025, 1026, and other rules designed to govern the orderly flow of appellate cases.

The motion to correct an omission in the record is denied. There is no contention that the failure to transmit the record, as defined in Rule 1026 b was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee. Rule 1025 d. Accordingly, we grant the motion to dismiss the appeal. Rule 1035 b (4).

*Appeal dismissed.*
*Appellant to pay costs.*