DONALD McALILY *v.* PRISCILLA MAE BAILEY

[No. 742, September Term, 1972.]

*Decided July 11, 1973.*

414

The cause was argued before MORTON, CARTER and SCANLAN, JJ.

*H. Maxwell Hersch* for appellant.

*James G. Klair, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Milton B. Allen, State's Attorney for Baltimore City*, on the brief, for appellee.

SCANLAN, J., delivered the opinion of the Court.

Appellant, Donald McAlily, attempts to appeal from an order of Judge Richard M. Pollitt, sitting in Circuit Court No. 2 of Baltimore City, which cited him for contempt of court for failure to comply with a consent order of that court, dated August 12, 1966, under which the appellant agreed to pay $6.00 weekly for the support and maintenance of a minor child who was born out of wedlock to the parties, the appellant and appellee, Priscilla Mae Bailey, on or about March 11, 1963.

On March 27, 1969, the court below, pursuant to the request of the Probation Department of the Supreme Bench of Baltimore City, issued an order to show cause why the appellant should not be held in contempt of court for his failure to pay the Probation Department the $6.00 weekly required by the consent order. It appears that neither the appellee nor her sister, who now is the legal guardian of the minor child, requested that a show cause order be issued and neither desired to have the appellant held in contempt. The

trial court, in effect, instituted the contempt proceedings on its own motion, as it may do under Rule P4 a of the Rules of Procedure.

After the order to show cause was returned *non est,* the Probation Department filed a petition for a warrant for the arrest of the appellant and a bench warrant was issued by the Circuit Court for that purpose. After the appellant's arrest on July 20, 1972, a hearing on the show cause order was held before Judge Pollitt on August 24, 1972. The court denied appellant's motion to dismiss the contempt proceedings and authorized the Department of Social Services of Baltimore City, acting through the Probation Department, to prosecute the contempt charge. Thereafter, the trial judge found appellant in civil contempt of court and remanded him to the custody of the Maryland Department of Corrections for 18 months or until such time as he purged himself of the contempt.

On this appeal, the appellant attempts to raise six issues, several of them of constitutional dimension.[1] Unfortunately for the appellant, his failure to comply with the rules of appellate procedure precludes us from considering the interesting questions he has attempted to present. The State has moved to dismiss the appeal for failure to comply with Rule 1026 c 2, or, alternatively, with Rule 1026 g of the Maryland Rules of Procedure. The State is correct and the appellant's appeal therefore must be dismissed under the authority of Rule 1035 b (4). Rule 1026 c 2 provides:

"Unless a copy of the transcript of testimony is

---

1. Appellant argues: (1) that the trial court erred in refusing to dismiss the contempt proceedings when both the appellant and the appellee requested such a dismissal; (2) that the trial court erred in ordering the Department of Social Services to prosecute him for contempt; (3) that the trial court erred in denying appellant the right to be tried by jury since, he alleges, the contempt proceedings were criminal not civil in nature; (4) that the trial court erred in failing to consider less onerous alternatives which might be available to serve as a basis of its disposition of the case; (5) that the trial court erred by incarcerating the appellant after the latter had shown he was indigent and without means to comply with the original support order; and (6) that the jailing of the appellant for failure to comply with the support order amounted to an invidious discrimination against him in violation of the equal protection clause of the Fourteenth Amendment.

already on file, the appellant shall promptly file with the clerk of the lower court for inclusion in the record a transcript of all the testimony, and shall also promptly serve a copy of such transcript upon the appellee. Instead of serving and filing a transcript of the testimony, the parties by written stipulation filed with the clerk of the lower court may, or upon order of the lower court shall file with the clerk of the lower court for inclusion in the record only such part of the transcript as the parties or the lower court may deem necessary for the appeal."

The record in this case shows that no transcript of the contempt proceedings held on August 24, 1972 before Judge Pollitt was filed as part of the record. As we have tried to make clear in several of our recent reported decisions, the rules which govern the procedures which must be observed in appealing to this Court "are to be read and followed." *Callahan v. Dean*, 17 Md. App. 67, 71, 299 A. 2d 479 (1973); *Laukenmann v. Laukenmann*, 17 Md. App. 107, 299 A. 2d 466 (1973). In a number of unreported decisions of this Court other putative appellants have also been made aware of our firm insistence that the rules of appellate procedure must be observed. There is no question here but that the appellant failed to comply with the requirements of Rule 1026 c 2 in failing to include in the record "a transcript of all the testimony" taken at the contempt hearing.

The appellant does not dispute his failure to provide a transcript of the testimony of the contempt proceedings of August 24, 1972. He argues, however, that he is proceeding pursuant to Rule 1026 g, under which a "Statement of the Case" may be filed in lieu of pleadings and evidence. Specifically, Rule 1026 g provides:

"When the questions presented by an appeal can be determined by this Court without an examination of all the pleadings and evidence, the parties with the approval of the lower court may prepare and sign a statement of the case showing

> how the questions arose and were decided, and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by this Court. Such statement, when filed with the clerk of the lower court shall be treated as superseding, for the purposes of the appeal, all parts of the record other than the judgment from which the appeal is taken and any opinion of the lower court, and, together with such judgment and opinion, shall be certified to this Court as the record on appeal."

The "Statement of the Case" which the appellant has filed in this Court is defective in two respects, one technical, the second substantive, in nature. First, the statement was not signed either by the formal appellee or by any representative of either the Department of Probation or the Department of Social Services by whom the contempt proceedings were prosecuted. Even more significant is the fact that the "Statement of the Case" which the appellant has submitted does not set forth all of the facts which are "essential to a decision" of the issues raised by his appeal, including, as we have noted, several important constitutional questions, the resolution of which would have important consequences in the administration of the welfare programs, not only of the City of Baltimore, but of the State. For example, we have no way of knowing whether the appellant's inability to comply with the support order was due solely to the fact that he had "neither the money nor the ability to pay," *Speckler v. Speckler,* 256 Md. 635, 637, 261 A. 2d 466 (1970), or whether his allegedly impecunious situation was precipitated by his own "calculated and deliberate choice." *McDaniel v. McDaniel,* 256 Md. 684, 692, 262 A. 2d 52 (1970). Similarly, the "Statement of the Case" filed by the appellant is insufficient in providing the facts necessary to pass intelligent judgment on his claim that he has been denied equal protection by being incarcerated "*solely* by reason of . . . [his] indigency." *Tate v. Short,* 401 U. S. 395, 398 (1971) (emphasis added). Appellate courts should avoid especially the decision of constitu-

tional questions when the record offered as a basis for their determination does not furnish the essential facts necessary for their sound and considered adjudication. *Wilkins v. State,* 16 Md. App. 587, 598, 300 A. 2d 411 (1973); *Vuitch v. State,* 10 Md. App. 389, 397, 271 A. 2d 371 (1970); and *see Parker, et al. v. County of Los Angeles, et al.,* 338 U. S. 327 (1949).

We hold that the appellant neglected to observe Rule 1026 c 2 in not including in the record a transcript of testimony of the proceedings before the court below, or, alternatively, has failed to satisfy the requirements of Rule 1026 g, in that the "Statement of the Case" which he filed in lieu of the transcript "does not adequately present to this Court the issues sought to be raised" by his appeal. *Callahan v. Dean, supra* at 71; *see also Jordan v. Morgan, Admx.,* 247 Md. 305, 309, 231 A. 2d 13 (1967).

Despite the understandable urgency to appeal constitutional issues to this Court, litigants and their attorneys first must remember that the rules of practice governing appeals are not mere guidelines but "are precise rubrics established to promote the orderly and efficient administration of justice and they are to be read and followed," both by the more affluent as well as by the indigent. *Callahan v. Dean, Supra* at 71.

*Appeal dismissed.*[2]

---

2. By Order of the court below appellant was permitted to appeal as an indigent.