## NATIONWIDE MOTOR SALES CORPORATION
### *v.* MELVIN EDWARD TRUSTY

[No. 254, September Term, 1974.]

*Decided January 28, 1975.*

The cause was argued before THOMPSON, MOORE and LOWE, JJ.

*Howard I. Getlan,* with whom were *Edelstein & Getlan* on the brief, for appellant.

*Archie D. Williams* for appellee.

MOORE, J., delivered the opinion of the Court.

A passenger on a Greyhound bus was injured when a vehicle operated by a person other than the owner collided with the bus. In a declaration thereafter filed in the Superior Court of Baltimore City the passenger named Greyhound Lines, Inc. as well as the owner and the driver of the car as parties defendant. The owner and driver subsequently filed a third party claim against appellant, Nationwide Motor Sales Corporation, from which the car had been purchased some three weeks prior to the accident. Nationwide's liability was predicated upon breach of warranty by reason of an alleged defective accelerator. The Sheriff's return showed service upon Nationwide on September 25, 1971.

A verdict was returned against the driver [1] on November 14, 1972 and thereafter, on January 29, 1973, he obtained a judgment by default against Nationwide based upon the latter's failure to plead to the third party claim. Invoking the court's authority under Maryland Rule 625, Nationwide filed a motion to strike the judgment by default on the ground, *inter alia,* that it had never been served. Approximately *one year* later, on February 14, 1974, Nationwide's motion was denied "without prejudice." Some ten days thereafter, a new motion to strike the default judgment was filed; again asserting lack of service of process but also claiming a meritorious defense.

What next transpired — the taking of testimony on the second motion to strike — is related to us only in the briefs of the respective parties. All the record reveals is the following "Ruling by the Court" on April 18, 1974:

"Third-Party Defendant Nationwide Motor Sales Corporation's Motion to Strike Judgment came on for rehearing on Wednesday, April 10th. After

---

1. A verdict was also returned against Greyhound Lines, Inc. The court, however, granted Greyhound's motion for judgment *n.o.v.* on January 15, 1973. A directed verdict had previously been granted in favor of the owner.

hearing argument and extending counsel an opportunity to submit memoranda in support of their respective positions, it is the Court's opinion that the Nationwide Motor Sales Corporation's Motion to Strike Judgment be and is hereby DENIED."

It is from that ruling that Nationwide has appealed, claiming that the trial court, possessing revisory power over the default judgment under Rule 625, abused its discretion in failing to strike the judgment.[2] Reliance is placed not only upon testimony before the court on the motion to strike (including especially the testimony of the mechanic who inspected the vehicle for Nationwide prior to its sale) but also upon testimony of the driver of the car, appellee, Melvin Lee Trusty, during the trial of the original action. While both briefs are replete with transcript references, the record contains no transcript — or partial transcript — either of the trial or of the hearings on the motions.

It is the responsibility of the appellant to include in the record "a transcript of all the testimony." Maryland Rule 1026 c 2. Failing this, or in the absence of a written stipulation as contemplated by the Rule, a motion may be made for permission of the court to correct the omission. Maryland Rule 1027 b. *See White v. State*, 8 Md. App. 51 (1969). It must be shown, however, that the failure to transmit the record, as defined in Rule 1026 b, was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee. Rule 1025 d. *Laukenmann v. Laukenmann*, 17 Md. App. 107, 299 A. 2d 466 (1973).

We observe also that appellee's counsel should examine the record before its transmittal to this Court. Had this

---

2. As we see it, no exercise of discretion under the first sentence of Rule 625 a was involved. The denial of the original motion "without prejudice" was not, of course, effective to extend the thirty day period during which the court has revisory power and control over a judgment. Appellant could, of course, proceed under the latter part of Rule 625 a seeking relief on the basis of "fraud, mistake or irregularity" and the existence of a meritorious defense. Williams v. Snyder, Adm'r, 221 Md. 262, 267-8 (1959); Suburban Properties Management, Inc. v. Johnson, 236 Md. 455, 459 (1964).

procedure been followed in the instant appeal, a motion to dismiss by the appellee under the provisions of Rule 1036 would have been indicated.

In the state of the record before us, we have no alternative than to dismiss the appeal *sua sponte* pursuant to Maryland Rule 1035.

> *Appeal dismissed; appellant to*
> *pay the costs.*