## EDITH H. WALLICK *v.* ROBERT D. WALLICK

[No. 872, September Term, 1974.]

*Decided May 1, 1975.*

The cause was argued before MOYLAN, MOORE and MASON, JJ.

*Ellsworth T. Simpson,* with whom was *Gary Howard Simpson* on the brief, for appellant.

*William M. Canby,* with whom was *Jody S. Kline* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

Maryland Rule 1035 b provides, in pertinent part:

"On motion filed by any party, an appeal may be dismissed for any one of the following reasons:

\* \* \*

2. The appeal has not been properly taken pursuant to Rule 1011 (How Appeal to be Taken)."

Maryland Rule 1011 a, in turn, provides:

"An appeal to this Court shall be taken by filing an order for appeal with the clerk of the lower court;

provided, however, that an application for leave to prosecute an appeal in a post conviction case may be filed either with the Clerk of this Court or with the clerk of the lower court to be transmitted forthwith by him, with the record of the post conviction proceeding, to this Court. *A copy of the order for appeal shall be served upon all other parties in the manner prescribed by section c of Rule 306 (Service of Pleadings and Other Papers) and proof of such service shall be made in the manner prescribed by section d of Rule 306 (Service of Pleadings and Other Papers)."* (Emphasis supplied)

The appellant in this case, Edith H. Wallick, candidly acknowledges that she failed to serve upon the appellee, Robert D. Wallick, any notice of this appeal. The appellee has moved, under Maryland Rule 1035 b 2, to have us dismiss the appeal because of the appellant's failure to comply with Maryland Rule 1011 a. We have no choice but to do so. Judge Gilbert, writing for this Court in *Callahan v. Dean,* 17 Md. App. 67, 71, 299 A. 2d 479, 481, dealt with a similar situation concerning a record on appeal, saying in that case:

"In any number of cases, * * * [citations omitted], the Court of Appeals and this Court have stated that the rules of practice are not guides or merely helpful hints to the practice of law. They are precise rubrics established to promote the orderly and efficient administration of justice, *and they are to be read and followed."* (Emphasis supplied)

We again made our position very clear in *McAlily v. Bailey,* 18 Md. App. 413, 416, 307 A. 2d 500, 502:

"As we have tried to make clear in several of our recent reported decisions, the rules which govern the procedures which must be observed in appealing to this Court 'are to be read and followed.' *Callahan v. Dean,* 17 Md. App. 67, 71, 299

A. 2d 479 (1973); *Laukenmann v. Laukenmann,* 17 Md. App. 107, 299 A. 2d 466 (1973). In a number of unreported decisions of this Court other putative appellants have also been made aware of our firm insistence that *the rules of appellate procedure must be observed.* " (Emphasis supplied)

This is not a case where Notice of Appeal was sent but somehow failed to reach appellee's counsel. In this case, no such notice was even sent. We dismiss the appeal. We note that even had the merits of the question been reached, the appellant would not have prevailed. This case, coming to us initially from a decision of Judge James H. Pugh in the Circuit Court for Montgomery County, was sent back by us in an unreported decision (Nos. 335 and 496, September Term, 1972) with the following direction:

"The court's rulings are sufficiently unclear that there is some basis for either interpretation . . . Accordingly, we remand the case to the Circuit Court for Montgomery County for the passage of a clear order establishing the obligations of the parties. The court may entertain such additional evidence as it feels is necessary or desirable for the passage of such an order."

The order ultimately forthcoming from Judge Ralph G. Shure in the Circuit Court for Montgomery County was "a clear order establishing the obligations of the parties" within the contemplation of our earlier decision.

*Appeal dismissed; costs to be paid by appellant.*