BYRON LASKY & ASSOCIATES, INC. ET AL.
*v.* CAMERON-BROWN COMPANY ET AL.

[No. 1329, September Term, 1975.]

*Decided October 6, 1976.*

The cause was argued before FREDERICK J. SINGLEY, JR., and MARVIN H. SMITH, Associate Judges of the Court of Appeals, and DAVID ROSS, Associate Judge of the Eighth Judicial Circuit, all specially assigned.

*Ronald Hirschel,* with whom were *Ira C. Wolpert* and *Deckelbaum, Wolpert & Ogens* on the brief, for appellants.

*D. Clifford Crook, III,* with whom was *Robert L. Gorham* on the brief, for appellee Cameron-Brown Company. *David MacDonald,* with whom were *MacDonald & Manoogian* on the brief, for other appellee.

Ross, J., delivered the opinion of the Court.

Resolution of the central issue in this case requires the first appellate construction of Rule 582 which was added to the Maryland Rules July 1, 1974 and reads as follows:

> "RULE 582. VOLUNTARY DISMISSAL.
>
> a. *Court Order — When Notice Required.*
>
> A party may dismiss his action, claim, counterclaim, cross-claim or third-party claim only with leave of court. The order of court shall specify whether the dismissal is with or without prejudice. Notice of an opportunity to object to the dismissal shall be given to any other party who has separately appeared. The notice shall be in the manner the court directs or approves.
>
> b. *Costs.*
>
> Subject to the provisions of § 7-202 (b) of the Courts Article and unless otherwise provided by order of court, the dismissing party is responsible for all costs as to the action or part dismissed."

After hearing on plaintiffs' (appellants') motion to dismiss without prejudice, the bill of complaint was dismissed with prejudice over plaintiffs' objection on the theory that § a gave the chancellor discretionary power to do so even though there had been no hearing and determination on the merits. We hold that § a does not give the chancellor discretionary power and therefore reverse.

The appellant corporations are general partners in a partnership which executed a deed of trust securing loans

made to the partnership by the appellees to finance development of and residential construction on the entrusted land in Crofton, Maryland. The appellants also executed agreements guaranteeing completion of and payment for the residential construction. The bill of complaint sought an injunction against foreclosure under the deed of trust, a declaration that the deed of trust was null and void, and general relief. It was alleged in the bill that following a default under the deed of trust the appellees had "entered into an oral modification of said construction lending agreement resulting in a joint venture * * * for profit" pursuant to which development and construction were to continue and that the appellees had precipitated the default for which the foreclosure was sought by withholding payments they had agreed to make.

A petition for ex parte and interlocutory injunctions was filed with the bill of complaint on May 15, 1975. On the same day an order was entered ex parte enjoining foreclosure and setting the case for hearing on the ex parte injunction on May 23, 1975. *See* Maryland Rules BB72 and W76 b. Hearing on the ex parte injunction and the application for an interlocutory injunction began on Friday, May 23, and concluded Monday, May 26, 1975. On May 27, 1975 an order was entered dissolving the ex parte injunction and denying the application for an interlocutory injunction. Over appellees' opposition the chancellor, on June 10, 1975, entered a stay of the May 27 order on condition that a bond in the amount of $129,162.00 be filed. No bond was filed.

There were no further proceedings until September 26, 1975 when appellants filed a "Motion To Dismiss Without Prejudice Or In The Alternative To Stay Proceedings." The memorandum of points and authorities filed with the motion explained that appellants had filed an action at law in the Circuit Court for Montgomery County seeking damages from appellees for breach of contract and fraud and the appellees had moved to dismiss on the ground that the instant action, which involved the same subject matter, was pending in Anne Arundel County. The appellees' motion in the Montgomery County action was taken under

advisement pending action by the Anne Arundel County Court on the appellants' application for dismissal or stay. The appellants' motion was expressly filed pursuant to Maryland Rule 582 and requested that the "Court dismiss this action only without prejudice."

In their "opposition" to the motion to dismiss the appellees alleged that appellants had filed three law actions in Montgomery County all involving "essentially the same causes of action as alleged in this case." At the hearing on the motion November 21, 1975, they urged the chancellor either to dismiss with prejudice or to set the case for prompt trial on the merits. An order dismissing the action "with prejudice" was entered November 24.

At the core of appellees' position is the contention that Maryland Rule 582 a gives an equity court discretionary power to dismiss an action with prejudice over a plaintiff's objection even though there has been no hearing on the merits. A careful reading of the rule discloses no express grant of such a power. Therefore, the question is whether the power is granted by implication.

A dismissal with prejudice is a final adjudication and it is fundamental that an action can be finally adjudicated over objection of the plaintiff only after a hearing on the merits or through imposition of sanction for default or conduct proscribed by law. *Cross v. Cohen,* 3 Gill 257 (1845); *Royston v. Horner,* 75 Md. 557 (1892); *Fledderman v. Fledderman,* 112 Md. 226 (1910); *Mendelis v. Broening,* 168 Md. 488 (1935); *Bailey v. Bailey,* 181 Md. 385 (1943); *Wooddy v. Wooddy,* 270 Md. 23 (1973); *Corey v. Tuttle,* 144 N. E. 230 (Mass. 1924); *Bissell v. Village of Williamsville,* 254 N.Y.S. 33 (1931); *Mayflower Industries v. Thor Corp.,* 86 A. 2d 293 (N.J. Super. 1952); *Kelley v. Mallory,* 277 P. 2d 767 (Ore. 1954); *Ensher v. Ensher, Alexander & Barsoom, Inc.,* 9 Cal. Rptr. 732 (Dist. Ct. of App. 3rd Dist. 1960).

A rule expressly authorizing discretionary dismissal with prejudice over objection of the plaintiff and before there has been a hearing on the merits or some default or proscribed conduct by the plaintiff would be open to serious constitutional challenge. Consider Articles 20 and 23 of the

Maryland Declaration of Rights and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Certainly such a power should not be lightly read into a rule by implication.

Maryland Rule 2 a provides that "[t]hese Rules shall be interpreted as declaratory of the practice and procedure as it existed prior to their adoption except insofar as is otherwise expressly provided or they are inconsistent therewith, or as may result from necessary implication." The practice and procedure with respect to voluntary dismissal in equity as it existed prior to adoption of Rule 582 was succinctly stated in *Camden Sewer Co. v. Mayor and City Council,* 157 Md. 175 (1929) at 184:

> "It appears, therefore, to be well settled that when equity proceedings have progressed to such a point as to entitle the defendant to affirmative relief, or where, as stated by Chancellor Bland, [*Hall v. McPherson*], he becomes virtually clothed with the rights of an actor, the right of the complainant to dismiss as a matter of course ceases. We are of the opinion that ordinarily and as a general rule the complainant is master of his own litigation and has the right to dismiss his proceedings at any time up to a final determination of the case, *by following the approved practice of making application to the court for leave so to do;* but that when at any point of the proceedings the defendants become entitled to affirmative relief which it is proper for them to enforce in the proceedings then pending, the complainant no longer, as of course, has the right to dismiss * * *." (Emphasis added.)

Maryland Rule 582 is no more than a codification of this long standing practice. The first sentence of § a merely reiterates the rule that leave of court is necessary for voluntary dismissal.* *Camden Sewer* and *Potomac Edison*

---

* Appellee Cameron-Brown Company stated at page 16 of its brief that *Camden Sewer* "is merely a reaffirmation of the standard equity practice

*Co. v. Public Service Commission,* 165 Md. 458 (1933), make it clear that the requirement of prior court approval does not in itself limit the right of the plaintiff to dismissal. The obvious reason for the requirement is to prevent unilateral dismissal of cases in which a defendant has acquired a right to affirmative relief. In any event, the most that can be implied from a requirement of court approval is the power to deny the requested relief. It is clear that discretionary power to dismiss with prejudice cannot be implied from the first sentence of § a.

The purpose of the second sentence of § a, which requires that the order "specify whether the dismissal is with or without prejudice," is to eliminate the doubt which sometimes arises when the order of dismissal fails to state whether it is with or without prejudice. *See, e.g., Fledderman v. Fledderman, supra.* Not all dismissals prior to hearing on the merits are without prejudice. Voluntary dismissal with prejudice is the traditional entry upon settlement before trial. See the first note to Maryland Rule Appendix Form 21 b. There may be other circumstances in which a party may wish to dismiss his claim with prejudice. *See, e.g., Murphy v. Board of County Commissioners,* 13 Md. App. 497 (1971). Thus, there is no basis for implication of a discretionary power to dismiss with prejudice from the second sentence of § a. No other part of Maryland Rule 582 is even arguably suggestive of such an implied power. The notice provision complements the requirement of court approval and is part of the scheme to avoid unilateral dismissal of cases in which a party other than the dismissing party has a right to affirmative relief which he wishes to pursue in that action.

---

* * * that a complainant was free to dismiss his cause of action against a defendant *without leave of court* when the equity proceedings had not progressed to such a point as to entitle the defendant to affirmative relief * * *." On the contrary, in *Camden Sewer* the defendant had not become entitled to affirmative relief and the Court of Appeals said: "The proper practice requires that the complainant make application to the court for leave to dismiss, and this practice should be followed; * * * " 157 Md. at 182. The dismissal was upheld on the basis of the chancellor's subsequent ratification of the order which had been filed by the plaintiff without the requisite prior leave of court.

There has been no hearing on the bill of complaint in this case. Before the chancellor the appellants argued that the foreclosure proceedings had rendered moot their requests for purely equitable relief and that the remaining claims for damages could more suitably be litigated in the law action in Montgomery County. The appellees countered that the remaining claims could be litigated under the prayer for general relief or an amended bill of complaint and insisted they had "a right to a final determination on the merits in this suit" which would serve to bar prosecution of the Montgomery County actions. They argued that the favorable rulings made by the chancellor at the two-day preliminary injunction hearing demonstrated that appellants' claims were without merit and gave them rights which would be prejudiced by voluntary dismissal; therefore under *Camden Sewer, Potomac Edison*, and *Shapiro v. Ryan*, 233 Md. 82 (1963) the appellants no longer had the right to dismiss without prejudice.

The appellees' trial court argument suggests two points. The first point, which they have not pursued on appeal, is that an equity court may make a final adjudication on the basis of testimony taken at a preliminary hearing without holding a further hearing on the merits. See the cases collected in 89 A.L.R. 33 and 126 A.L.R. 288. The order of dismissal, which was prepared by appellee Cameron Brown Investment Group's attorney, contains the recitation, *inter alia*, that the order was entered "upon all other proceedings herein." We need not decide whether Maryland law permits final adjudication on the basis of preliminary hearing evidence because the question was not raised on appeal, *Pride Mark Realty v. Mullins*, 30 Md. App. 497 (1976), and, in any event, the transcript of the injunction hearing was not included in the record transmitted from the trial court. *McAlily v. Bailey*, 18 Md. App. 413 (1973); *Callahan v. Dean*, 17 Md. App. 67 (1973).

The second point is that the preliminary injunction hearing conferred rights on the appellees which would be prejudiced by dismissal before final adjudication and thus the appellants no longer have the right to dismiss without

prejudice. Even if appellees' position were sound, at most they would be entitled to denial of dismissal, not to dismissal with prejudice. Their position, however, is not sound; a defendant in an equity action may prevent a voluntary dismissal only when he has acquired a right to affirmative relief or, in the language of Chancellor Bland, has become "virtually clothed with the rights of an actor." *Camden Sewer Co. v. Mayor and City Council of Salisbury, supra; Potomac Edison Co. v. Public Service Commission, supra; cf. Shapiro v. Ryan, supra,* at 91. The appellees acquired no right to affirmative relief as a result of the injunction hearing. The only prejudice they will suffer is the possible inconvenience and additional expense of defending another action concerning the same subject matter. Under the present practice, this is not sufficient to defeat a plaintiff's right to dismissal. *Allied Chemical and Dye Corporation v. Steel and Tube Co. of America,* 127 A. 414 (Del. Ch. 1925) is directly in point and the language of that court at page 416 is apposite here:

> "These exceptions are based upon the principle that a complainant should not be permitted to dismiss his bill when such action would be prejudicial to the defendant. But this does not mean that it is within the discretion of the court to deny the complainant this privilege under any circumstances, where it might think such dismissal would work a hardship to the defendant, as, for example, where it might burden him with the trouble and annoyance of defending against a second suit; but it means that if, during the progress of the case, the defendant has acquired some right, or if he seeks or has become entitled to affirmative relief, so that it would work an actual prejudice against him to have the case dismissed then, the complainant will not be permitted to dismiss his bill."

In this Court the appellees contend that the dismissal with prejudice was proper because all issues raised by the bill

were finally determined in the separate foreclosure case. They now take the position that the only relief sought by the bill was (1) an injunction against the foreclosure sale and (2) a declaratory decree that the deed of trust was null and void. Their argument is that the prayer for injunctive relief was rendered moot by the foreclosure sale which took place after dissolution of the ex parte injunction and that final ratification of that sale was a final determination of the validity of the underlying deed of trust. In essence the appellees ask us to uphold the final adjudication below on the ground that the foreclosure case is *res judicata* as to all issues in this case.

The record in the foreclosure case was not introduced in evidence and although the appellees argue here that the chancellor had the power to take judicial notice of those proceedings, they did not ask him to do so. But even had the request been made, the chancellor could not have taken judicial notice of the separate foreclosure proceedings. It is stated in *Fletcher v. Flournoy*, 198 Md. 53 (1951), at 60-61 that:

> " 'The general rule undoubtedly is that a court will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties, and in the same court, unless the proceedings are put in evidence; and the rule is sometimes enforced with considerable strictness. * * * But in exceptional cases, as high authority shows, the dictates of logic will yield to the demands of justice, and the courts in order to reach a just result, will make use of established and uncontroverted facts not formally of record in the pending litigation.' "

As was true in *Fletcher v. Flournoy*, "[i]n the instant case, the demands of justice do not suggest an exception to settled rules." 198 Md. at 61; cf. *James v. State*, 31 Md. App. 666 at 685. If properly asserted and proved the appellees are entitled to use the final order in the foreclosure case as a defense to all claims barred by that adjudication under the

rule of *res judicata.* Their ultimate objective is to bar further prosecution of the Montgomery County cases. The final order in the foreclosure cases can just as easily be pleaded in the Montgomery County cases as a final order from this case. There is no additional burden placed on the appellees by requiring them to assert the foreclosure order directly in the Montgomery County cases.

On the other hand, it would be unjust to enter a final order in this case based solely on the foreclosure order and thereby adjudicate without hearing any issues which were or could have been raised but which are not barred under the rule of *res judicata* by the foreclosure order. In the bill of complaint in this case the appellants allege a contract with the appellees and a breach of that contract by the appellees. The appellees did not test the legal sufficiency of the bill of complaint by demurrer but instead filed an answer denying the factual allegations. Appellants contend they are entitled to trial on the merits of the issues joined on the bill and answer but that since their request for injunctive and declaratory relief has been rendered moot, it would be more practical to try the claims for damages at law than in equity. On the record in this case, we cannot say as a matter of law that the foreclosure action is *res judicata* to all claims made in the bill of complaint. We express no view as to the merit of appellants' claims against the appellees. We hold only that the chancellor lacked power to dismiss the bill of complaint with prejudice on appellants' motion to dismiss "only without prejudice." See *Sargent v. Lady,* 244 Md. 552 (1966).

The appellees complain that they are being harassed by the filing of the Montgomery County actions and that the appellants have ulterior motives in keeping litigation open between the parties. Appellants vigorously deny these assertions. We express no view with respect to these conflicting allegations. However, nothing in this opinion should be read as an expression of approval or condonation of unnecessary filing of multiple actions involving the same subject matter. Existing law permits voluntary dismissal of this case at the present stage of the proceedings. The remedy

for actions brought in bad faith or without substantial justification is provided by Maryland Rule 604 b. If present rules too freely permit dismissal, the remedy is amendment of the rules.

Although appellants are entitled to dismissal without prejudice, they did not insist on this right but sought alternatively a stay of further proceedings. On remand the chancellor may dismiss without prejudice or he may grant the stay requested.

> *Reversed and remanded for further proceedings in accordance with this opinion, costs to be paid by appellees.*