## DUFFIN *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 8, September Term, 1964.]

*Decided July 30, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HORNEY, J., delivered the opinion of the Court.

The applicant for leave to appeal was convicted of assault with intent to rape and sentenced on June 27, 1961, to a term of twenty years in prison. Within ninety days after imposition of sentence, the applicant, pursuant to Maryland Rule 764 b, moved for a reduction of the sentence, but before the motion was heard, he filed a direct appeal. The judgment of conviction was affirmed *per curiam* in *Duffin v. State,* 229 Md.

434, 184 A. 2d 624, on October 9, 1962, and the mandate was returned in due course to the trial court. No further action with respect to the motion was ever taken either by the applicant or the court which tried the criminal offense.

On June 4, 1963, however, the applicant, asserting that it was "impossible for him to have received the fair and impartial trial to which he was entitled under the then existing circumstances and over which he had absolutely no control," petitioned for post conviction relief. The petition was subsequently amended by court-appointed counsel to allege: (1) that his motion to reduce sentence was timely filed; (2) that he was entitled to a hearing thereon; and (3) that a denial of such hearing would amount to a denial of due process of law. The State moved to dismiss the petition.

When the petition was heard, the hearing judge (Shook, J.) held that the petitioner (1) by filing and prosecuting a direct appeal had waived his right to a hearing of the motion and (2) by delaying to seek a hearing on the motion for more than ten months after his conviction had been affirmed lost the right to seek a reduction of the sentence. This was improper. Since the revisory power over a sentence under Maryland Rule 764 b is a procedural matter outside the scope of post conviction proceedings, a motion for reduction of sentence should be heard or otherwise disposed of by the court which imposed sentence. The hearing judge, therefore, instead of considering the motion for reduction of sentence in a post conviction proceeding and dismissing it for the reasons assigned, should have dismissed the petition for relief without prejudice to further action by the trial court on the motion for reduction of sentence.

Even if it is assumed that the filing of the direct appeal stayed further proceedings on the motion for reduction of sentence during the pendency of the appeal (cf. *Bullock v. Director*, 231 Md. 629), the only effect was to temporarily suspend action thereon. Clearly, the movant, having seasonably filed the motion before appeal, had not waived his right to further action on the motion after the mandate was returned to the trial court. Rule 764 b, *supra*.

We shall therefore deny the application for leave to appeal

without prejudice to further action by the trial court on the motion for reduction of sentence.

*Application denied.*