## COLEMAN *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 139, September Term, 1964.]

*Decided August 5, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury, Sybert, Oppenheimer and Barnes, JJ.

Per Curiam.

The applicant was convicted after a non-jury trial in the Circuit Court for Garrett County in 1963 on a criminal information charging robbery and assault with intent to rob and was sentenced to two concurrent five year terms in the penitentiary. He did not appeal.

The applicant filed a petition for relief under the Uniform Post Conviction Procedure Act which was denied by Judge Naughton after a hearing. Apparently because of a misunderstanding of the law relative thereto, an appeal was noted from the denial of the petition. Of course, no appeal as of right lies from the denial of post conviction relief; review may be sought only by way of an application for leave to appeal. Code (1964 Cum. Supp.), Art. 27, sec. 645-I. However, we shall treat the order for appeal as an application for leave to appeal.

The applicant and his counsel were both notified by the clerk of this Court that such an application for leave to appeal was pending before us. However, neither has made any attempt to comply with Maryland Rule BK46 b which requires that such an application contain a brief statement of the reasons why the lower court's order should be reversed or modified. Therefore, the application must be dismissed. *Greene v. Warden,* 238 Md. 651; *Thompson v. Warden,* 237 Md. 655; *Dofflemyer v. Director,* 237 Md. 639.

The application would be denied even if Rule BK46 b had been complied with. The only contention pressed at the hearing in the court below was that the applicant had been denied the right to a jury trial. Judge Naughton found as a fact that

the applicant had freely and voluntarily waived his right to a trial by jury. He based this finding on the testimony of the attorney who had defended the applicant at the criminal trial, who was called by the State, and the docket entries. The applicant did not testify at the post conviction hearing. There is nothing in the record to indicate that Judge Naughton's finding was wrong.

*Application denied.*