# STATE *v.* JACOBS

[No. 493, September Term, 1965.]

*Decided May 26, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

*David T. Mason, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, Charles E. Moylan,
Jr.* and *Robert V. Lazzaro, State's Attorney* and *Assistant
State's Attorney,* respectively, *for Baltimore City* on the brief,
for appellant.

*Stanley Paul,* with whom were *Morton H. Perry* and *Louis
J. Glick* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

The State has appealed an order of the court below granting
the appellee, James Jacobs, post conviction relief after a pre-
vious denial from which the appellee had filed application for
leave to appeal.

On January 13, 1961, Jacobs was convicted by Judge Joseph
L. Carter, sitting without a jury in the Criminal Court of Bal-
timore, for violating the narcotics laws and for being a second
offender. He was sentenced to ten years in the Maryland Peni-
tentiary from which judgment he did not file an appeal. Jacobs
filed a petition for relief under the Uniform Post Conviction
Procedure Act which was denied by Judge Dulany Foster on
January 8, 1962. He filed a second petition for relief under the
Act which was denied by Judge Shirley Jones on November
1, 1962. On April 30, 1963, Judge Roszel C. Thomsen, Chief
Judge of the United States District Court for the District of
Maryland, dismissed Jacobs' petition for a writ of habeas corpus
without prejudice. Thereafter, Jacobs' application for writ of
habeas corpus was denied by Judge John E. Raine, Jr. in the
Circuit Court for Baltimore County on October 22, 1963. A
writ of certiorari was denied by the Supreme Court of the

United States on April 6, 1964. *Jacobs v. Warden,* 376 U. S. 972 (1964).

Additional petitions for writs of habeas corpus were denied by Judge W. Albert Menchine on December 2, 1963 and Judge Philip H. Dorsey on July 1, 1964. Jacobs filed a third petition for post conviction relief which was denied on September 29, 1964, by Judge Anselm Sodaro. On October 6, 1964 Jacobs filed an application for leave to appeal from this denial of post conviction relief. On December 14, 1964 while this appeal was still pending, Judge Sodaro rescinded his prior order denying post conviction relief and granted Jacobs a new trial. On December 14, 1964 an application for leave to appeal was filed by the State's Attorney for Baltimore City. On January 11, 1966 this Court granted the State leave to appeal and transferred the case to our regular docket.

The filing by Jacobs of his application for leave to appeal from the order denying him relief under his post conviction application suspended the power of the lower court to reverse its previous decision. *Gilliam v. Moog Industries, Inc.,* 239 Md. 107, 210 A. 2d 390 (1965); *Bullock v. Director,* 231 Md. 629, 633, 190 A. 2d 789 (1963). In *Bullock,* Judge Prescott said, for the Court:

> "An appeal to this Court from a *nisi prius* court does not necessarily stay all further proceedings in the trial court, nor does it strip said court of all power over the proceeding in which the appeal has been taken. The trial court may act with reference to matters not relating to the subject matter of, or affecting, the proceeding; make such orders and decrees as may be necessary for the protection and preservation of the subject matter of the appeal; and it may do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal. But, when an appeal is taken, it does affect the operation or execution of the order, judgment or decree from which the appeal is taken, and any matters embraced therein. After the appeal has been perfected, this Court is vested with the exclusive power and jurisdiction over the subject matter of the proceedings, and the au-

thority and control of the lower court with reference thereto are suspended."

While, in this case, the filing of the application for leave to appeal did not mean that this Court would hear the appeal, unless the application were granted, and while in *Gilliam* a direct appeal was involved, the rationale of both *Bullock* and *Gilliam* nevertheless applies. The filing of the application brought the case within this Court's jurisdiction, subject to its further action. Until the Court granted or denied the application, the power of the lower court to change the order previously entered was suspended. The court's subsequent order, reversing its prior decision, was not incidental or procedural,[1] but sought to reverse the prior order in which relief was denied, and, instead, to award a new trial. The subsequent order was beyond the jurisdiction of the lower court while the application for leave to appeal was still pending.

Technically, our conclusion that the lower court's order of December 14, 1964 was without legal effect disposes of this appeal. However, both the State and Jacobs ask that, in the event of such a decision, we proceed to consider Jacobs' application for leave to appeal from the original order of September 29, 1964, which is still before us. We shall do so, in order to avoid unnecessary delay and expense. See *Coleman v. Warden,* 239 Md. 711, 212 A. 2d 463 (1965).

Jacobs' petition for post conviction relief was based on the fact that, in his original trial, the heroin and narcotics paraphernalia introduced in evidence against him were products of an illegal search and seizure. The State concedes that the search and seizure were made without a warrant, without consent, and not as an incident to a lawful arrest or under exigent circumstances, and that therefore the paraphernalia introduced in evidence against Jacobs were the products of an illegal search and seizure.

*Mapp v. Ohio,* 367 U. S. 643 (1961), reversing a prior decision, held that evidence obtained by illegal search and seizure

---

1. See Duffin v. Warden, 235 Md. 685, 202 A. 2d 597 (1964) as to the effect of the filing of an appeal on a motion for reduction of sentence. See also Maryland Rule 813.

is inadmissible in a state court. However, *Mapp* has been held' not to be retroactive as to convictions which had become final when it was decided. *Linkletter v. Walker,* 381 U. S. 618 (1965) ; *Nance v. Warden,* 239 Md. 404, 211 A. 2d 739 (1965). Jacobs' conviction had become final before *Mapp.* He was convicted and sentenced on January 13, 1961, and although represented by counsel, did not appeal. *Mapp* was decided on June 19, 1961, almost six months after Jacobs' conviction.

In his brief, Jacobs contended that, apart from *Mapp*, the introduction of the evidence was illegal under Maryland law as it then existed. He argued that, at that time, possession of heroin and narcotics paraphernalia was only a misdemeanor, and' that under Code (1957) Art. 35, Sec. 5 (the Bouse Act) no evidence in the trial of misdemeanors is admissible where the evidence has been procured as the result of an illegal search and seizure. In the argument before us on this appeal, however, Jacobs' counsel admitted that, by express provision, the exclusionary provision of the Bouse Act does not apply to prosecutions for narcotics violations. Code (1957) Art. 27, Sec. 299. We agree. *Price v. Warden,* 215 Md. 657, 139 A. 2d 251 (1958), *Meleganich v. Warden,* 213 Md. 648, 132 A. 2d 130 (1957). At the time of Jacobs' trial, the evidence was properly admitted under the Maryland law as it then existed. The original decision of the lower court denying Jacobs relief under his application under the Post Conviction Procedure Act was correct.

> *Order of December 14, 1964, purporting to grant post conviction relief and a new trial, reversed; order of September 29, 1964, denying post conviction relief, affirmed.*