## STANLEY K. SHELTON *v.* MARYLAND AUTOMOBILE INSURANCE FUND

[No. 732, September Term, 1979.]

*Decided March 6, 1980.*

The cause was argued before GILBERT, C. J., and MOYLAN and MacDANIEL, JJ.

*Thomas E. Grzech,* with whom were *John T. Brooks* and *Fine & Klauber, P.A.* on the brief, for appellant.

*Thomas M. Baumann,* with whom were *E. B. Harris, Jr.* and *Hardwick, Tripoda & Harris* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

> "For purposes of judicial enforcement, the 'policy' of a statute should be drawn out of its terms, as nourished by their proper environment, and not, like nitrogen, out of the air." Mr. Justice Frankfurter in *Schulte Co. v. Gangi,* 328 U.S. 108, 121-22, 66 S. Ct. 925, 931-32, 90 L. Ed. 1114, 1122 (1946).

With Mr. Justice Frankfurter's erudite expression of "judicial enforcement" as our polar star, we set out, in this appeal, to decide whether the General Assembly of Maryland, in 1957, meant then Md. Ann. Code art. 66½, § 145S (the Unsatisfied Claim and Judgment Fund) to be mandatory or directory. That section of the code as originally enacted provided:

> "Other 'hit-and-run' cases.
> (a) When in an action for a sum in excess of one hundred dollars ($100.00) in respect to the death of, or personal injury to, any person, arising out of the ownership, maintenance or use of a motor vehicle in this State on or after June 1, 1959, judgment is rendered for the defendant on the sole ground that such death or personal injury was occasioned by a motor vehicle —
> (b) The identity of which, and of the owner and operator of which, has not been established, or
> (c) Which was in the possession of some person other than the owner or his agent without the consent of the owner, and the identity of the operator has not been established, — such cause shall be stated in the judgment and the plaintiff in such actions may, within three months from the date of the entry of such judgment, make application for authority to bring an action upon said cause of action against the commissioner in the manner provided in section 145R [*i.e.* apply to a court of competent jurisdiction for an order permitting a suit against the commissioner]." [1]

---

1. The "Unsatisfied Claim and Judgment Fund" was created by Laws 1957, ch. 836.

Although there have been a number of changes to the "Unsatisfied Claim and Judgment Fund" (UCJF),[2] the provisions of the 1957 Act concerned with the UCJF have remained substantially intact. When the Legislature created MAIF,[3] it empowered the executive director[4] to "promulgate rules setting forth procedural requirements with respect to claims against the Fund. . . ." The act further provided that "[p]rior to the effective date of such rules . . . [compliance with] §§ 7-606 through 7-635 of Article 66½" shall be a condition precedent to liability on the part of the Fund. The executive director was also empowered to stipulate, on behalf of the Fund, "that the procedural requirements [of sections 7-620, 7-621, 7-622, and 7-623] for bringing an action against the Fund have been met and consent to an order permitting the claimant to bring an action against the Fund. No stipulation or consent shall be deemed a waiver of any defense which the Fund may have with respect to the case."[5] Apparently the executive director has not as yet exercised the authority to promulgate rules that would effectively repeal or modify sections 7-606 through 7-635 of Article 66½.[6] Patently, those sections of the generally repealed Article 66½ live solely by virtue of the executive director's disinclination to announce rules that would supplant them and thus sound their demise. Consequently, section 7-622, the sibling of section 145S of the 1957 Act, remains the law today.

---

2. *See* Laws 1968, ch. 543 (adding new sections to art. 66½); Laws 1970, ch. 534 (repealing and reenacting art. 66½ as "Vehicle Laws." At the same time section 145S was renumbered as section 7-622. Section 145R was changed to section 7-620). The 1968 Act changed the party to be sued from the commissioner to the "Unsatisfied Claim and Judgment Fund Board." Subsequently, when the Maryland Automobile Insurance Fund (MAIF) was created and organized by Laws 1972, ch. 73, the provisions of Article 66½, dealing with the Unsatisfied Claim and Judgment Fund, were repealed and reenacted as part of the Insurance Code, Md. Ann. Code art. 48A, §§ 243-243L.

3. *See* footnote 2, *supra.*

4. The position of executive director was established by Md. Ann. Code art. 48A, § 243 (b). *See* Laws 1972, ch. 73.

5. The authority of the director to so stipulate was conferred by Laws 1973, ch. 517. We need not and do not decide in this case the effect of the last sentence of section 243H (b) (1) on the authority to stipulate. Read literally, however, the last sentence would seem to negate the right to stipulate.

6. The executive director has published rules pursuant to Md. Ann. Code art. 48A, § 243H (b) (2). *See* Maryland Register, Vol. 4, Issue 24, dated November 18, 1977. Those Rules, however, do not apply to section 243H (b) (1).

We turn now to the matter *sub judice.* On February 28, 1977, in Baltimore City, the appellant, Stanley K. Shelton, was walking across Monroe Street at one of the alley intersections between Wilkens Avenue and Eagle Street, when he was struck by a motor vehicle which failed to stop. Shelton believed the errant driver to be Willie B. Witherspoon. He sued Witherspoon for the personal injuries allegedly sustained as a result of the hit-and-run accident. A jury returned a verdict favorable to Witherspoon.[7]

Shelton's attorney, on April 4, 1978, four days after the jury's verdict against his client, wrote to MAIF and advised it of his intention to make a claim.[8] Not until January 3, 1979, nine months later, was that intent changed into reality when Shelton, in the Superior Court of Baltimore City, filed a "Petition for Leave to Sue the Maryland Automobile Insurance Fund UCJ Division." Md. Ann. Code art. 48A, § 243H (b) (1); Md. Ann. Code (1970 Rep. Vol.) art. 66½, § 7-620. Shelton requested MAIF to "stipulate" its consent to the suit, Md. Ann. Code art. 48A, § 243H (b) (1),[9] but the agency refused. Instead, it opposed the petition on the ground that the appellant had not complied with Md. Ann. Code art. 66½, § 7-622 as left intact by Md. Ann. Code art. 48A, § 243H (b) (1). Counsel for MAIF told the hearing judge that since "the petition to sue was filed nine months later [than the verdict in the Shelton v. Witherspoon trial] . . . it cannot be granted."

Shelton's lawyer informed the judge of the various steps in the case, commencing with the injury and ending with the

7. It is to be noted that Article 66½, § 7-622 (a) provides that in order for a claimant to file a suit against MAIF judgment must be on the "sole ground that the . . . personal injury was occasioned by a motor vehicle" whose operator's identity "has not been established." The docket entries of the proceeding between Shelton and Witherspoon are not before us, therefore, we do not know as a fact that the jury rendered its verdict on the "sole" basis that Witherspoon was not the driver of the vehicle that struck Shelton. The petition to sue MAIF did, however, allege that fact, and it was not controverted in the hearing court. Obviously, that court accepted the appellant's representation that the jury did decide against Shelton on that ground. We shall also accept the representation as true.

8. That such a letter was written is not contested by appellees who admit notification was made. The letter, however, is not a part of the record before us.

9. *See* n. 5, *supra.*

jury's response to issue "Number 2, [which] said that someone other than ... [Witherspoon], an unknown driver caused the accident."

The issue before the hearing judge became less than clear at that point. The record shows the following:

"THE COURT: Do you agree with him that the issue before me is whether a letter in and of itself is sufficient, or there must be a petition to sue filed within the applicable time period?

MR. HARTZ: Your Honor, I would agree that is the issue involved. *There's no question about notice.* I don't think that's denied, and Mr. Harris agrees with that. The question of interpretation of the statute, of course, our contention would be somewhat analogous to the original intention to make claim within 180 days. Of course, *the statute indicates that notice or suit must be filed within ninety days of the jury verdict. So that would be the issue,* your Honor, and I would submit the file." (Emphasis supplied.)

The court, in a "Memorandum Opinion and Order," concluded that the appellant had not furnished notice of intention to make a claim to MAIF "within 180 days of the accident [of February 28, 1977]" citing Md. Ann. Code art. 48A, § 243H (c). Because the notice was not sent to MAIF until April 4, 1978, a period of lapsed time well in excess of 180 days, the judge denied permission to sue MAIF. Shelton noted an appeal to this Court. Three days later, in the Superior Court, Shelton filed a motion in which he sought to have the hearing judge reconsider the order denying permission to sue. The motion was rejected, and properly so, because Shelton's notice of appeal had ousted the Superior Court of jurisdiction. *Moore v. State,* 15 Md. App. 396, 400, 291 A.2d 73, 75, *cert. denied,* 266 Md. 740 (1972). *See also Stacy v. Burke,* 259 Md. 390, 401, 269 A.2d 837, 844 (1970); *Vancherie v. Siperly,* 243 Md. 366, 375, 221 A.2d 356, 361 (1966); *State v. Jacobs,* 242 Md. 538, 540, 219 A.2d 836, 837 (1966); *Tiller v. Elfenbein,* 205 Md. 14, 19-21, 106 A.2d 42, 44-45 (1954).

The appellant presents three questions to us, namely:

"1. Should Section 243H (c), Article 48A ... be construed as being directory in its notice provisions?

2. Must Section 243H (c), Article 48A be liberally construed in conjunction with subsections (a) and (b) thereof?

3. Should the Maryland Courts follow the New Jersey precedent in accidents involving unidentified vehicles as that would be the proper and equitable method of litigating such actions?"

The hearing judge, as we have seen, decided the case on the basis of the 180 day notice provided for in Md. Ann. Code art. 48A, § 243H (c). While we believe that the judge was correct in denying the petition to sue MAIF, our reasons are not those employed by the hearing court.

Md. Ann. Code art. 48A, § 243H (c) provides:

"As a condition precedent to the right to apply for payment from the Fund, notice of intention to make a claim for damages must be filed within 180 days of the accident out of which the cause of action accrues. In lieu of this notice a claimant may make proof that:

(1) He was physically incapable of giving the notice within the required period and that he gave notice within 30 days after he became physically capable of doing so, or in the event that he did not become so capable that a notice was given on his behalf within a reasonable period;

(2) He gave the required notice within 30 days of receiving notice that an insured has disclaimed on a policy of insurance so as to remove or withdraw liability insurance coverage for his claim against a person or persons who allegedly caused him to suffer damages; or

(3) He gave the required notice within 30 days of receiving notice that the defendant's insurer was insolvent, provided that the defendant insurer is not

authorized to transact insurance business in the State of Maryland and the claimant is not eligible to make a claim against the Maryland Insurance Guaranty Association."

Section 243H (b) (1) states:

"The executive director shall, with respect to the Fund, . . . promulgate rules setting forth procedural requirements with respect to claims against the Fund filed pursuant to this section and as a condition precedent to any liability on the part of the Fund under this section, a claimant shall comply with all such rules, except that failure to comply with any rule promulgated by the executive director with respect to the Fund may not of itself result in a bar to recovery against the Fund. Prior to the effective date of such rules, as a condition precedent to any liability on the part of the Fund under this section, a claimant shall comply with the requirements set forth in §§ 7-606 through 7-635, of Article 66½ of the Annotated Code of Maryland (1970 Replacement Volume) notwithstanding the general repeal of said sections except that any reference therein to the Unsatisfied Claim and Judgment Fund, or the board or attorneys or agents thereof, shall be deemed to refer to the Fund or the executive director, and attorneys or agents thereof, respectively. Notwithstanding the provisions of §§ 7-620, 7-621, 7-622, and 7-623, the executive director on behalf of the Fund may stipulate that the procedural requirements for bringing an action against the Fund have been met and consent to an order permitting the claimant to bring an action against the Fund. No stipulation or consent shall be deemed a waiver of any defense which the Fund may have with respect to the case."

As a result of the language of section 243H (b) (1), it is necessary to refer to former Md. Ann. Code art. 66½, § 7-622.

That section of the Code, still viable as a result of Md. Ann. Code art. 48A, § 243H (b) (1) and the non-promulgation of pertinent rules by the executive director of MAIF, mandates:

"(a) When in an action for a sum in excess of one hundred dollars ($100.00) in respect to the death of, or personal injury to, any person, arising out of the ownership, maintenance or use of a motor vehicle in this State on or after June 1, 1959, judgment is rendered for the defendant on the sole ground that the death or personal injury was occasioned by a motor vehicle —

(b) The identity of which, and of the owner and operator of which, has not been established, or

(c) Which was in the possession of some person other than the owner or his agent without the consent of the owner, and the identity of the operator has not been established, — such cause shall be stated in the judgment and the plaintiff in the action, *within three months from the date of the entry of such judgment,* may make application for authority to bring an action upon the cause of action against the Board in the manner provided in §§ 7-620 and 7-623 of this article. (Emphasis supplied.)

When the three code provisions, Article 48A, § 243H (c), § 243H (b) (1), and former Article 66½, § 7-622 are read together, as they must be in the circumstances of the instant case, it is manifest that the 180-day notice requirement cannot possibly apply to Article 66½, § 7-622. Cases brought under section 7-622 arise only after a judgment "is rendered for the defendant [in a prior case] on the sole ground that ... [the] injury" was caused by "some person other than the owner or his agent" and that person's identity has not been established. The crowded dockets of the trial courts make it impossible to file a suit, proceed to judgment, and still notify MAIF within 180 days of the happening of the events leading to the action in the first instance, if, as here, the judgment is against the claimant because the operator of the vehicle allegedly causing

the accident is found to be someone other than the defendant, and the identity of that person is unknown.[10]

Whenever judgment is rendered against a plaintiff in an action for personal injuries arising out of the operation of a motor vehicle or vehicles and that judgment is based on the *sole* ground that the defendant was not the owner or operator of the vehicle, nor the owner's agent, but rather the operator was a person whose identity has not been established, the claimant must then, within three months of the date of that judgment, make application to the court to bring an action against MAIF in the manner provided in former Article 66½, §§ 7-620 and 7-623.

The appellant, Shelton, did not apply to the court within three months following the entry of the judgment in favor of Witherspoon. In fact, his application was not brought until some six months after the expiration of the three month time limit. His failure to heed the clear command of Article 48A, § 243H (b) (1) with respect to former Article 66½, § 7-622 (c) is fatal to his cause.

> *Order denying application to sue Maryland Automobile Insurance Fund affirmed.*
> *Costs to be paid by appellant.*

---

10. Were we to hold otherwise, counsel for any person injured in any automobile accident would have to notify MAIF within 180 days of the date of the injury. He would have to do so because there is the possibility that the trier of fact might find that the person sued was not the driver of the vehicle at the time it was involved in the accident. Such a procedure would result in a virtual flood of notifications to MAIF, even though MAIF might ultimately not be involved in the vast majority of the cases.