563 A.2d 1129

**Kim L. SMITH**

v.

**STATE of Maryland.**

**No. 157, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Sept. 28, 1989.

Melissa M. Moore, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before GILBERT, C.J., and ALPERT and BLOOM, JJ.

GILBERT, Chief Judge.

Maryland Annotated Code art. 27, § 641A(a) provides that, "[u]pon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper." We are called upon in this appeal to determine whether an innovative condition of probation is proper.

### The Facts

Kim L. Smith, in accordance with a plea agreement, pled guilty in the Circuit Court for Baltimore City to one count

of child abuse. Under the terms of the agreement, Smith was to receive a maximum sentence of five years incarceration. Actual imprisonment was to be limited to the time already served. The remaining portion of the five years was to be suspended, and Smith was to be placed on supervised probation.

The trial judge found a factual basis for the plea and further found that the plea was freely and voluntarily entered. He then accepted the plea and entered a verdict of guilty. Disposition was held *sub curia*, pending the receipt of a pre-sentence investigation and medical evaluation of Smith.

When sentencing occurred approximately five weeks later, the judge elicited testimony from a representative of the Department of Social Services (DSS). During the representative's testimony, the judge became aware that Smith had one other child, who had also been subjected to abuse. The judge noted, however, that Smith was not the perpetrator of that abuse, but that the child's father was. The father was incarcerated, awaiting trial, for that particular offense. Probing into the matter, the judge discovered that the DSS would consider returning Smith's children to her during her probationary period provided she demonstrated her fitness.

Immediately after receiving the testimony of the DSS representative and over the strenuous objection of Smith's counsel, the judge added a condition to Smith's probation. The judge ordered that Smith not seek custody of her children unless she first obtained permission from the judge. He admonished Smith that if she sought custody without his prior approval she would violate her probation and be sent to jail.

### The Law

Smith urges us to hold that the trial judge erred in imposing a condition of probation prohibiting her from seeking to regain custody of her children without prior

approval of the judge. The State, on the other hand, asserts that the imposition of the custody condition was a proper exercise of the court's discretion regarding Smith's probation. We disagree with the State's position and vacate the sentence.

Jurisdiction over the children rests with the Juvenile Court of Baltimore City.[1] In accordance with the statutory procedures, the children were placed under the care of DSS, who then placed the children with relatives. The authority to determine whether and under what circumstances Smith's child or children will be returned to her rests in the Juvenile Court. Since the trial judge was without jurisdiction to decide custody directly, he is seeking to do indirectly that which he cannot do directly, *i.e.*, nevertheless control custody of the children insofar as their mother, Kim Smith, is concerned.

If Smith is required to adhere to the trial judge's probation order, she may well be faced with a Hobson's choice. The juvenile courts might determine that the best interest of the child or children is for custody to be restored to Smith. *Montgomery County v. Sanders*, 38 Md.App. 406, 424, 381 A.2d 1154 (1978). She would then have to "make a choice" between taking back her children at that time and violating her probation or petitioning the trial judge to allow her to accept the custody which the juvenile court had already granted. Of course, there is the very distinct possibility that the trial judge, sitting on the criminal side of the circuit court, would deny custody to Smith. To place her in such a position violates all notions of judicial "fair play." As noted by the late Judge Thomas Hunter Lowe: " 'The sporting theory of justice, the "instinct of giving the

---

1. Smith's children were determined, pursuant to § 3–801(e) of the Md.Cts. & Jud.Proc.Code Ann., to be "Child(ren) in Need of Assistance." Therefore, jurisdiction over the children rests exclusively with the juvenile court. Md.Cts. & Jud.Proc.Code Ann., § 3–804.

game fair play," ' as Professor Wigmore has put it, 'is so rooted in the profession in America that most of us take it for a fundamental legal tenet.' " [2]

■ Under Maryland Rule 4–243, once a plea agreement has been presented to a court, the trial judge has the option of accepting or rejecting the agreement or deferring approval or rejection until pre-sentencing proceedings and investigations are concluded. Furthermore, if the plea agreement is approved, the judge *shall* embody the agreement into the disposition of the case. At that juncture of the proceeding, the only option open to the trial judge regarding the agreement is, with consent of the parties, to provide a more *favorable* disposition than that provided in the agreement. If, for any reason, the judge elects to reject the agreement, the defendant must be afforded the opportunity to withdraw the plea of guilty. "As a general rule, once a judge has accepted a guilty plea and bound the defendant to it, the judge cannot refuse to carry through the bargain that induced the pleas." *Banks v. State*, 56 Md.App. 38, 47, 466 A.2d 69 (1983), citing *United States v. Blackwell*, 694 F.2d 1325 (D.C.Cir.1982).

■ It is well established in this State that the terms and conditions of probation must be clear, definite, and reasonable. Furthermore, the terms must be understood by the recipient, have a rational basis, and not be arbitrary or capricious. *Watson v. State*, 17 Md.App. 263, 274, 301 A.2d 26 (1973).

We held in *Watson* that the trial judge exceeds his or her authority under Md.Ann.Code art. 27, § 641A (1987), when the terms and conditions of probation "constitute an unwarranted invasion into and encroachment upon the duties and

---

**2.** *Campbell v. State*, 37 Md.App. 89, 90, 376 A.2d 866 (1977), *quoting* Rosco Pound, "The Cause of Popular Dissatisfaction with the Administration of Criminal Justice," 29 A.B.A.Rep. 395, 404.

functions of the Board of Parole." 17 Md.App. at 275, 301 A.2d 26.

We are cognizant that the trial judge's motives in the case *sub judice* were dictated by his desire to foster the best interest of Smith's children. Nevertheless, what he did was inject himself into a matter that the Legislature has decided best rests in the jurisdiction of the juvenile court.

■ It is clear from the record that the trial judge accepted Smith's guilty plea on November 22, 1988 when he directed the entering of the guilty verdict. It is equally transpicuous that during the sentencing hearing, after the judge imposed the nonbargained-for condition of his prior approval before regaining custody, Kim Smith was not afforded an opportunity to withdraw her plea.[3] Indeed, any fair reading of the transcript reveals that confronted with agreeing to the extra condition or withdrawing the plea and facing confinement, Smith was coerced into stating, "I'm willing to do anything to get the help I need. And, you know, the stress parenting and alcohol, everything. And I won't try to get my kids back until I'm successful at it."

We think that, because the guilty plea was accepted by the judge before he unilaterally altered it without permitting Smith the opportunity to withdraw the plea, Smith is entitled to the benefit of her bargain. We add that custody matters are best not decided in a criminal proceeding.[4]

SENTENCE VACATED. CASE REMANDED FOR IMPOSITION OF PROPER SENTENCE.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.

---

**3.** Md. Rule 4–243(c)(5).

**4.** Criminal courts may order supervised visitation or otherwise limit contact between parent and child when the juvenile or equity court has not assumed jurisdiction.