Dear Gary D. Maynard
Your predecessor requested our opinion on the authority of the Maryland Parole Commission ("Commission") to impose a special condition of parole or mandatory supervision release prohibiting contact between an offender and his or her child. In particular, she asked whether the Commission has such authority, and, if so, whether the Commission may legally enforce the condition if the offender brings a visitation or custody action.
In our opinion, the answers to those questions are as follows:
1. The Commission may not impose a special condition prohibiting contact between an offender and his or her own children unless a court has already done so. However, where a child of the offender was the victim of his or her offense, the Commission may require that any contact by the offender with that child be supervised.
2. If the offender brings a visitation or custody action, the Commission should defer to the court with jurisdiction over the action.
 I Background
A. Child Custody and Visitation Determinations
Under Maryland law, an equity court has jurisdiction over issues relating to the custody, visitation, and support of a child. Annotated Code of Maryland, Family Law Article ("FL"), § 1-201(a). In such a proceeding, if there are reasonable grounds to believe that a child has been abused or neglected by one of the parties, the court is to "determine whether abuse or neglect is likely to occur if custody or visitation rights are granted to the party." FL § 9-101.See Volodarsky v. Tarachanskaya, 397 Md. 291, 916 A.2d 991 (2007). In addition, a juvenile court has jurisdiction over visitation and custody when a child is determined to be in need of assistance. See Annotated Code of Maryland, Courts Judicial Proceedings Article ("CJ"), § 3-803(b)(1); FL § 1-201(c). The juvenile court, however, may decline to exercise that jurisdiction if "there is a proceeding pending in another court of competent jurisdiction." CJ § 3-803(b)(3)(i).
B. Conditions of Release
An inmate who is released on parole must comply with various conditions of release.[1] Annotated Code of Maryland, Correctional Services Article ("CS"), § 7-308; see generally 90 Opinions of AttorneyGeneral 6, 7 (2005). Certain conditions of release — e.g., reporting to a parole agent, obeying all laws — apply to all parolees. See COMAR12.08.01.21D. In addition, the Commission may establish special conditions appropriate to an individual parolee. See COMAR 12.08.01.21E. With respect to sexual offenders subject to extended parole supervision, the Commission may impose special conditions, including a prohibition against contact with specific individuals or categories of individuals. Annotated Code of Maryland, Criminal Procedure Article, § 11-724. The Commission may revoke parole if the inmate violates a condition of parole. See CS § 7-401 et seq. A parolee who satisfactorily complies with the terms and conditions of the order is entitled to serve the remainder of his or her term outside the correctional facility.See CS § 7-308.
The same basic statutory framework applies to an inmate released on mandatory supervision. An inmate released on mandatory supervision is subject to "all laws, rules, regulations, and conditions that apply to parolees. . . ", including any special conditions imposed by the Parole Commission. CS § 7-502(b).
C. "No Contact" Special Conditions
A "no contact" condition restricting an offender's contact with another individual is a special condition designed to protect the safety and welfare of that individual. It is our understanding that the Commission routinely imposes "no contact" conditions with respect to children where the nature of the offense suggests that the offender might pose a threat to a child other than the offender's own child. On advice of counsel, the Commission has not included a "no contact" provision regarding an offender's own child but may require that any such contact be supervised.
 II Analysis
Parents have a fundamental liberty interest in the care, custody, and control of their minor children. Santosky v. Kramer, 455 U.S. 745, 753
(1982); Koshko v. Haining, 2007 WL93237 at *9, ___ Md. ___ (January 12, 2007), slip op. at p. 20; In Re Yve S., 373 Md. 551, 565-68,819 A.2d 1030 (2003). The fundamental liberty rights of parents cannot be significantly restricted unless the restriction is "narrowly tailored" for a compelling interest. Wolinski v. Browneller, 115 Md. App. 285,301, 693 A.2d 30 (1997). However, "the best interests of the child may take precedence over the parent's liberty interest in the course of a custody, visitation or adoption dispute." In Re Mark M., 365 Md. 687,706, 702 A.2d 332 (2001) (internal citation omitted). The State has a compelling interest in protecting children from actions that would jeopardize their physical or mental health; therefore, "visitation may be restricted or even denied when the child's health or welfare is threatened." Id.
The General Assembly has vested the courts with jurisdiction to decide custody and visitation matters concerning a parent and child. While it has granted the Commission extensive authority over parolees, it has vested only the courts with explicit authority to decide issues of fundamental parental rights. Thus, the Legislature has not granted the Commission the authority to forbid an offender from having any contact with his or her own children.
Moreover, the Maryland courts recognize that "[i]n cases where the termination of parental rights is involved, there is a strong presumption that the child's best interests are served by maintaining parental rights." In Re: Adoption/Guardianship Nos. J9610436 J971103, 368 Md. 666, 692, 796 A.2d 778 (2002). Accordingly, "the standard for denying parental visitation is generally quite strict,i.e., `it would only be in an exceptional case and under extraordinary circumstances that the right of visitation will be denied.'" In Re MarkM., 365 Md. at 706 (citations omitted). Even where the court might otherwise deny a parent visitation rights, "the court may approve a supervised visitation arrangement that assures the safety and the physiological, psychological and emotional well-being of the child." FL § 9-101(b). In other words, visitation rights "are not to be denied to even to an errant parent unless the best interests of the child would be endangered by such contact." Roberts v. Roberts, 35 Md. App. 497, 507,371 A.2d 689 (1977).
In our view, the Commission has no authority to bar contact between an offender and his or her own child, even if the child is a victim of the offender's crime. The Legislature has determined that such orders are to be imposed by the courts after a full adversary hearing with a right of appeal, not by the Commission after a far more limited hearing.[2] InSmith v. State, 80 Md. App. 371, 563 A.2d 1129 (1989), the Court of Special Appeals struck down a trial judge's probation order prohibiting Smith from seeking custody of her children unless she first obtained permission from the judge. Because Smith's children were determined by the juvenile court to be children in need of assistance (CINA), "jurisdiction over the children rests exclusively with the juvenile court." Id. at 374 n. 1. Although the criminal court judge was apparently motivated to protect the children, the Court of Special Appeals concluded that "what he did was inject himself into a matter that the Legislature has decided best rests in the jurisdiction of the juvenile court." Id. at 376.
When a juvenile or equity court has not assumed jurisdiction over a child, a criminal court may have more leeway to "order supervised visitation or otherwise limit contact between parent and child." Smith, at 376 n. 4.[3] For example, in Douglas v. State,130 Md. App. 666, 747 A.2d 752 (2000), the court approved a provision in a probation order that severely limited the probationer's contact with his child, because neither a juvenile nor an equity court had assumed jurisdiction over the child. Moreover, in Douglas, the court noted that the provision was not a blanket prohibition of contact with the child,[4] suggesting that "appellant may need an intermediary to effect visitation with the child." 130 Md. App. at 675. In other words, the court recognized, at least implicitly, that supervised visits are preferable to an outright ban of contact between a parent and his or her child. Cf. FL § 9-101.2(b) (providing, in some circumstances, for supervised visitation arrangements in lieu of custody or visitation for a parent convicted of murdering a spouse or child).
In the absence of a judicial determination concerning custody and visitation, a requirement that any contact be supervised or monitored strikes a balance between adequately protecting the child and not unduly curtailing an offender's fundamental liberty interest as a parent.See State v. Coreau, 651 A.2d 319, 321 (Me. 1994) (noting that where an offender has committed sexual crimes against a fourteen-year-old girl, "[t]he court's prohibition of any type of contact between Coreau and his children, including supervised or monitored contact . . . goes well beyond . . . the purposes of probation [and] has little to do with public safety.") (emphasis in original); cf. State v. Letourneau, 997 P.2d 436, 446 (Wash.App. 2000) (striking provision for supervised visits between sexual offender and her children because "the State failed to demonstrate that prohibiting Letourneau from unsupervised in-person contact with her biological children during the term of community custody is reasonably necessary to protect those children from the harm of sexual molestation by their mother").
Thus, in our view, the Commission may continue its practice of imposing a special condition requiring that any contact between an offender and his or her child be supervised.[5] However, if a proceeding is instituted in court concerning the offender's contact with the child, the Commission should defer to the court's determination, as soon as it becomes aware of it. For example, an offender may bring an action to restore visitation rights, the custodial parent or other guardian may institute an action to limit those rights, or a CINA proceeding may adjudicate those rights.[6] See CJ § 3-803(b)(1). In addition, if the Commission, or a parole and probation agent, has reason to believe that a child has been subject to abuse or neglect by virtue of the offender's contact with the child, the Commission must report such abuse or neglect to the local department of social services, which might result in court action concerning the offender's contact with the child. See FL § 5-704.[7]
 III Conclusion
In our opinion, the Commission's current practice comports with applicable law. Where the nature of the offender's crime suggests that he or she poses a threat to a child who is not his or her own, a "no contact" order may be necessary to protect that child. However, the Commission lacks authority to impose such a "no contact" order between an offender and the offender's own child. The Commission may require as a special condition that the offender's contact with the child be supervised. If a court action is instituted that concerns the offender's custody or visitation rights with respect to the child, the Commission should defer to the court with jurisdiction over the matter.[8]
Douglas F. Gansler
Attorney General
Mark J. Davis
Assistant Attorney General
Robert N. McDonald
Chief Counsel
Opinions and Advice
[1] Some offenders are not eligible for parole. For example, the General Assembly recently amended the State criminal law for serious sex offenders serving mandatory minimum sentences. Chapter 495, Laws of Maryland 2007.
[2] Although the offender is not afforded a hearing with protections afforded by the Administrative Procedure Act ("APA") when he or she challenges a special condition, see Annotated Code of Maryland, State Government Article, § 10-203(a)(3)(v) (APA does not apply to the Commission), the offender may, as a result of a 2006 amendment creating Maryland Rule 7-401 et seq., file an administrative mandamus action challenging the Commission's action.
[3] Criminal courts sometimes issue "no contact" orders between a defendant released pending trial and the alleged victim, even if the victim is the defendant's child.
[4] The order did not specifically prohibit Douglas from having contact with his child; it provided for "no contact" between Douglas and Ms. Fox, the mother of his child.
[5] We understand that the Commission also imposes detailed special conditions tailored to the nature of the violations committed by the offender including, for example, special monitoring of sexual offenders and conditions limiting an offender's proximity to children.
[6] A custodial parent, as a representative of a child who is a victim of abuse by an offender, is entitled to notice of the Commission's decision regarding the offender's release on parole. See CS § 7-801;see also Annotated Code of Maryland, Criminal Procedure Article, § 11-104 (victim's representative may file notification request with prosecuting attorney).
[7] The local department of social services may act on an emergency basis, even without court approval, to protect a child in serious and immediate danger. The department's representative must promptly investigate a report of abuse or neglect, FL § 5-706, and may remove the child temporarily without prior juvenile court approval if the representative believes the child is in serious, immediate danger. FL § 5-709.
[8] This opinion confirms advice previously provided to the Parole Commission by Assistant Attorney General Susan H. Baron. *Page 65